attle, Wash., Kenneth S. Klarquist, of Buckhorn, Blore, Klarquist & Sparkman, Portland, Or., for appellant.

J. Pierre Kolisch (argued), Jon M. Dickinson, of Kolisch & Hartwell, Portland, Or., for appellee.

Before DUNIWAY and CARTER, Circuit Judges, and GRAY, District Judge.*

PER CURIAM:

The appellant brought a patent infringement action in the United States District Court in Oregon against the appellee, a corporation whose principal place of business is in British Columbia, where it was formed. The appellee successfully moved for dismissal of the action on the ground of improper venue, and this appeal followed.

The court below presumably agreed with the appellee that the governing statute is 28 U.S.C. § 1400(b), which provides that "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Inasmuch as the appellee neither "resides" in Oregon nor has "a regular and established place of business" there, § 1400(b) does not establish venue in that district.

However, the appellant relies upon 28 U.S.C. § 1391(d), which states that "An alien may be sued in any district."

This very same issue as to which of the two statutes is applicable in patent infringement actions against aliens, was presented in Chas. Pfizer & Co. v. Laboratori Pro-Ter Prodotti Therapeutici, 278 F.Supp. 148 (S.D.N.Y.1967). Judge Mansfield there ruled that 28 U.S.C. § 1391(d) controls. We agree with that decision and with the carefully reasoned opinion upon which it is based.

We are mindful of the decision in Coulter Electronics, Inc. v. A. B. Lars Ljungberg & Co., 376 F.2d 743 (7th Cir. 1967), *cert. denied,* 389 U.S. 859, 88 S.Ct. 103, 19 L.Ed.2d 124 (1967), as was Judge Mansfield, but we decline to follow it, for the same reasons as those stated in *Pfizer* and in SCM Corporation v. Brother International Corporation, 316 F.Supp. 1328 (S.D.N.Y.1970).

Accordingly, the order of the district court dismissing the action here concerned is reversed and the case remanded for further proceedings.

Lonzy OLIVER, Plaintiff-Appellant,

v.

HARRISON COUNTY CLERK, Marshall, Texas, et al., Defendants-Appellees.

No. 31094

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 14, 1971.

Rehearing Denied June 8, 1971.

---

* Honorable William P. Gray, United States District Judge, Central District of California, sitting by designation.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**422**

Lonzy Oliver, pro se.

Sam B. Hall, Jr., Ernest F. Smith, Marshall, Tex., for Harrison County.

Gaines Baldwin, Abney & Baldwin, Marshall, Tex., for La Gloria Oil and Gas Co.

Roy L. Merrill, Corpus Christi, Tex., for Mobil Oil Corp.

Dean J. Capp, K. M. Nolen, Jerry M. Gross, Houston, Tex., for Pan American Petroleum Corp.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**Charles A. CURRIER, Appellant,**

v.

**William E. KNAPP, Wilbur T. Bolkcom, and R. Phillip Harty.**

No. 18869.

United States Court of Appeals, Third Circuit.

Argued Jan. 28, 1971.

Decided March 5, 1971.

Thomas Alkon, Christiansted, St. Croix, V. I., for appellant.

John F. James, Christiansted, St. Croix, V. I., for appellees.

Before KALODNER, STALEY and ADAMS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Appellant, Charles A. Currier, brought this action to compel specific performance of an alleged contract for the sale of realty located on the island of St. Croix. The defendants-appellees moved to dismiss the complaint pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, alleging that the complaint failed to state a claim upon which relief can be granted. The basis for the motion was that the complaint did not allege the existence of a writing signed by the defendants, as required by the Virgin Islands Statute of Frauds, 28 V. I.C. § 242. This appeal is from the final order of the district court granting the motion to dismiss the complaint.

Although the order appealed from refers only to Rule 12(b) (6), the district court apparently treated the motion as one for summary judgment under Rule 56, a procedure permitted by Rule 12(b), which allows matters outside the pleadings to be considered by the court. In this case, however, the use of Rule 12(b) was improper.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.